UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEAN JERRICK,

        Plaintiff,

    - against -

STATE OF NEW YORK,

        Defendant.
------------------------------------------------------------X

SEAN JERRICK,

        Plaintiff,

    - against -

STATE OF NEW YORK,

        Defendant.
------------------------------------------------------------X

SEAN JERRICK,

        Petitioner,

    - against -

STATE OF NEW YORK; MICHELLE ARMSTRONG; ERNEST HART, DEBORAH STEVENS-MODICA; RICHARD BROWN; and FRANCIS GIBBONS, ESQ.,

        Respondents.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-2734 (RRM) (LB)

14-CV-2830 (RRM) (LB)

14-CV-3545 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Sean Jerrick, proceeding *pro se*, filed two notices of removal and a petition seeking a writ of error *coram nobis* between April 29, 2014 and June 4, 2014.[1] In response to each of these

---

[1] Jerrick's filings are as follows: (1) No. 14-CV-2734 on April 29, 2014, seeking to remove certain criminal actions

filings, the Court mailed Jerrick a notice of deficient filing, enclosing the necessary forms and instructing him that his cases would be dismissed if he failed to pay the filing fee or complete an application for leave to proceed *in forma pauperis* ("IFP") within fourteen days. (*See* No. 14-CV-2734 (Doc. Nos. 2, 5); No. 14-CV-2830 (Doc. Nos. 2, 7); No. 14-CV-3545 (Doc. Nos. 2, 5).) In actions No. 14-CV-2734 and No. 14-CV-2830, the Court further advised Jerrick that his filings were deficient for the additional reason that he failed to include copies of the accusatory documents filed against him in state court and directed him to file those documents. (*See* No. 14-CV-2734 (Doc. Nos. 2, 5); No. 14-CV-2830 (Doc. Nos. 2, 7).) In all three actions, Jerrick proceeded to file form IFP affidavits without responding to any of the questions therein or providing any financial information. (*See* No. 14-CV-2734 (Doc. No. 6); No. 14-CV-2830 (Doc. No. 8); No. 14-CV-3545 (Doc. No. 4).) Jerrick did not file any of the requested accusatory documents.

By Memorandum and Order dated August 25, 2014, the Court denied Jerrick's three IFP applications without prejudice. (*See* No. 14-CV-2734 (Doc. No. 7); No. 14-CV-2830 (Doc. No. 9); No. 14-CV-3545 (Doc. No. 6).) In addition, the Court ordered Jerrick (1) to either pay the $400 filing fee or file a completed IFP application in each of the three actions; (2) to file a copy

---

from Criminal Court, Queens County; (2) No. 14-CV-2830 on April 30, 2014, seeking to remove a criminal action from Criminal Court, Kings County; and (3) No. 14-CV-3545 on June 4, 2014, seeking a writ of error *coram nobis* in reference to the Queens County actions. Title 28, Section 1443 of the United States Code provides for the removal of a criminal prosecution from state court to federal court by a defendant who "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." A petitioner seeking to invoke § 1443 must satisfy a two-prong test. *New York v. El*, No. 12-CV-4091, 2012 WL 3861227, at *1 (E.D.N.Y. Sept. 4, 2012). First, the right allegedly denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Second, "it must appear on the face of the notice, that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Id.* Jerrick has not identified, nor set forth any facts clearly pointing to, any federal law providing for specific civil rights stated in terms of racial inequality, nor has he alleged that he would be unable to enforce such a right in state court. Jerrick cites additional statutory provisions pertaining to removal, but other than § 1443, those provisions apply to removal of *civil* and not criminal cases. *See* 28 U.S.C. §§ 1331, 1367, 1441, 1446.

of the accusatory documents filed against him in Criminal Court, Queens County in action No. 14-CV-2734; and (3) to file a copy of the accusatory documents filed against him in Criminal Court, Kings County in action No. 14-CV-2830. (*See* No. 14-CV-2734 (Doc. No. 7); No. 14-CV-2830 (Doc. No. 9); No. 14-CV-3545 (Doc. No. 6).) The Court warned Jerrick that failure to comply with these instructions would result in dismissal of the actions. (*See* No. 14-CV-2734 (Doc. No. 7); No. 14-CV-2830 (Doc. No. 9); No. 14-CV-3545 (Doc. No. 6).) To date, Jerrick has failed to comply with the Court's August 25, 2014 Memorandum and Order.

Accordingly, Jerrick's petition for writ of *coram nobis* in No. 14-CV-3545 is hereby dismissed. The notices of removal in No. 14-CV-2734 and No. 14-CV-2830 are dismissed and those actions are hereby remanded to the Criminal Courts of Queens and Kings County respectively.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mark these cases closed and to mail a copy of this Memorandum and Order to the plaintiff at the address the docket lists for him, and to note the mailing on the dockets.

SO ORDERED.

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
March 8, 2017